IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03505-DDD-NYW

ESTATE OF CHARLES ANTHONY HURTADO,
CHARLES HURTADO,
NATHAN HURTADO, and
IAN HURTADO,

   Plaintiffs,

v.

JERRY A. SMITH, D.O.,

   Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Unopposed Motion to Dismiss With Prejudice Plaintiffs' Second Claim for Relief Against Defendant (the "Motion for Voluntary Dismissal") [Doc. 46] and the Motion to Strike Designation of Non-Parties at Fault (the "Motion to Strike") [Doc. 59], each filed by Plaintiffs Charles Hurtado, Nathan Hurtado, Ian Hurtado, and the Estate of Charles Anthony Hurtado (collectively, "Plaintiffs"). The court considers the Motions pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated April 5, 2021 [Doc. 21], and the Orders Referring Motion dated March 11, 2022 and June 28, 2022. [Doc. 64; Doc. 80]. For the reasons stated herein, the Motion for Voluntary Dismissal and the Motion to Strike are respectfully **DENIED as moot**.[1]

---

[1] Because the disposition of these Motions is not dispositive of any Party's claim or defense, the court proceeds by Order rather than by Recommendation. While Plaintiffs' Motion to Strike is not expressly presented under Rule 12(f) of the Federal Rules of Civil Procedure, courts in this District have concluded that when a motion to strike under Rule 12(f) "is not dispositive of any

## BACKGROUND

This case arises out of the December 13, 2018 death of Charles Anthony Hurtado ("Decedent"), an inmate at Buena Vista Correctional Facility ("BVCF"). *See generally* [Doc. 1]. While in custody at BVCF, Decedent developed a perineal abscess, which in turn developed into osteomyelitis, a bone infection, and sepsis. [*Id.* at ¶¶ 18, 21, 31]. Prior to his death, Decedent was treated at Heart of the Rockies Regional Medical Center by Defendant Jerry A. Smith ("Defendant" or "Dr. Smith"). *See* [*id.* at ¶¶ 20-23].

Plaintiffs, the Decedent's Estate and children, initiated this civil action against Defendant on November 27, 2020, asserting two claims for relief: (1) an Eighth Amendment medical deliberate indifference claim arising under 42 U.S.C. § 1983, and (2) a claim under Colo. Rev. Stat. § 13-21-201 *et seq.* alleging negligence resulting in wrongful death. *See* [*id.* at 7-12]. On October 1, 2021, Plaintiffs filed an Unopposed Motion to Dismiss with Prejudice Plaintiffs' Second Claim for Relief Against Defendant (the "Motion for Voluntary Dismissal"), seeking to voluntarily dismiss their state law claim and proceed only on their federal claim. *See* [Doc. 46].

Then, on December 2, 2021, the deadline to designate non-parties at fault, *see* [Doc. 50], Defendant designated the Colorado Department of Corrections ("CDOC") as a non-party at fault pursuant to Colo. Rev. Stat §13-21-111.5. *See* [Doc. 54]. Plaintiffs then filed the instant Motion to Strike. [Doc. 59]. In their Motion, Plaintiffs argue that pursuant to their Motion for Voluntary Dismissal, they are no longer pursuing a state-law claim against Defendant and only intend to proceed on their § 1983 claim. [*Id.* at ¶ 2]. Plaintiffs contend that "[i]t is well established that

---

party's claims or defenses, the Magistrate Judge retains authority to enter an order disposing of the motion." *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2016 WL 11548167, at *1 n.2 (D. Colo. Aug. 30, 2016). The court concludes that similar principles are applicable here.

state comparative fault statutes, including Colorado's § 13-21-111.5, cannot be used by defendants to diminish their liability on § 1983 claims by apportioning fault to non-parties because § 1983 imposes joint and several liability on defendants, and comparative fault statutes would impermissibly conflict with that scheme." [*Id.* at ¶ 3].

The Motion for Voluntary Dismissal was referred to the undersigned Magistrate Judge on June 28, 2022. [Doc. 80]. This court then entered a Minute Order explaining that a motion under Rule 41 is not a procedurally appropriate way to voluntarily dismiss fewer than all claims against a defendant. *See* [Doc. 81 at 2 ("Rule 41 speaks to the dismissal of an <u>action</u> and not merely <u>claims</u>.") (citing cases)]. Rather, the court noted, "when a plaintiff seeks to dismiss fewer than all claims against a defendant, 'the proper procedure is for a plaintiff to amend the complaint pursuant to Federal Rule of Civil Procedure 15.'" [*Id.* (quoting *Hawkinson v. Obrien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *3 (D. Colo. July 2, 2020))]. Noting that Plaintiffs' request to voluntarily dismiss their state-law claim was unopposed, the court directed Plaintiffs to file an Amended Complaint under Rule 15(a)(2), with Defendant's consent, on or before July 1, 2022. [*Id.*]. Plaintiffs filed their Amended Complaint on July 1, 2022, *see* [Doc. 82], confirming that Defendant does not oppose the filing of an Amended Complaint. [Doc. 83 at 1]. The Amended Complaint drops Plaintiffs' state-law claim, and also purports to drop the three individual Plaintiffs, leaving the Estate as the sole Plaintiff in this action. *See* [Doc. 83-1]. The court addresses the pending Motions and recent filings below.

## ANALYSIS

**I.     The Amended Complaint**

Before turning to the pending Motions, the court must first address the propriety of the Amended Complaint—specifically, Plaintiffs' attempt to drop the three individual Plaintiffs from

3

this matter and keep the Estate as the sole remaining Plaintiff. *See* [*id.* 83-1 at 1].[2] This court could locate no authority permitting the dismissal of Plaintiffs via an amended complaint. "[S]imply amending the complaint to remove a plaintiff is not technically the correct way for a party to withdraw from an action. The procedures governing dismissal of an action are outlined in Federal Rule of Civil Procedure 41." *Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700, 706 (D.N.J. 2016); *see also Rush v. City of Philadelphia*, No. 2:19-cv-00932-JDW, 2020 WL 3412548, at *1 (E.D. Pa. June 22, 2020) ("[A]n amendment that dismisses a party invokes Rule 41(a), not Rule 15.").

Notably, while Rule 41 does not permit the dismissal of fewer than all claims against a single defendant, *Gobbo Farms & Orchards v. Pool Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996), "Rule 41(a) allows for dismissal of all claims against fewer than all defendants and fewer than all plaintiffs." *Stafford v. Jaggers*, No. 1:08-cv-1732-TCB-AJB, 2009 WL 10664788, at *1 (N.D. Ga. Jan. 23, 2009), *report and recommendation adopted*, 2009 WL 10664921 (N.D. Ga. Feb. 17, 2009); *cf. Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 697 (D. Utah 2015) (a plaintiff may dismiss all of his or her claims against a single defendant under Rule 41). Rule 41 states that a plaintiff may voluntarily dismiss an action without a court order by filing (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or (2) "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P 41(a)(2).

---

[2] The court notes that this court instructed in its Minute Order that "[t]he amended pleading shall reflect only Plaintiffs' request to voluntarily dismiss their state law claim and shall not include any other substantive changes." [Doc. 81 at 2].

4

Here, Defendant responded to the Complaint by filing a Motion to Dismiss, see [Doc. 22], which was denied on July 15, 2021. [Doc. 43]. Thereafter, Defendant did not file an answer as required by Rule 12(a)(4), and has thus not filed an answer nor a motion for summary judgment. Accordingly, the court **CONSTRUES** the Amended Complaint, in part, as containing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) with respect to Plaintiffs Charles Hurtado, Nathan Hurtado, and Ian Hurtado. *See Roche*, 167 F. Supp. 3d at 706 ("At the time Plaintiffs filed the [amened complaint], none of the Defendants had answered or moved for summary judgment. Thus, under the Rules, Plaintiffs could have filed a notice of dismissal to dismiss Roche from the action without consent from the Defendants or the Court. . . . [T]his Court will construe the [amended complaint] as also containing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i).") (citations omitted); *see also* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Accordingly, these Plaintiffs' claims were voluntarily dismissed as of the filing of the Amended Complaint. No court order effectuating such dismissal is required. Fed. R. Civ. P. 41(a)(1).

In addition, the Amended Complaint removes Plaintiffs' state law claim, rendering such claim voluntarily dismissed under Rule 15. *See* [Doc. 83-1 at 10]; *see also QFA Royalties, LLC v. ZT Invs.*, LLC, No. 17-cv-00507-WJM-NRN, 2018 WL 4095114, at *3 (D. Colo. Aug. 28, 2018). Accordingly, the Motion for Voluntary Dismissal—which seeks dismissal of the state law claim—is moot, and the Motion will thus be **DENIED as moot**.

**II.     The Motion to Strike**

In the Motion to Strike, Plaintiffs[3] argue that pursuant to the Motion for Voluntary Dismissal, they are no longer pursuing a state-law claim against Defendant and only intend to proceed on their § 1983 claim.  [*Id.* at ¶ 2].  Plaintiffs argue that "[i]t is well established that state comparative fault statutes, including Colorado's § 13-21-111.5, cannot be used by defendants to diminish their liability on § 1983 claims by apportioning fault to non-parties because § 1983 imposes joint and several liability on defendants, and comparative fault statutes would impermissibly conflict with that scheme." [*Id.* at ¶ 3].  For this reason, they argue that Defendant's designation of non-parties at fault should be stricken.  [*Id.*].  In his Response to the Motion to Strike, Dr. Smith does not contest Plaintiffs' legal arguments.  *See generally* [Doc. 61].  Instead, he relies on the fact that as of the filing of the Response, the state-law claim remained an active claim in this action: "In the instant matter, Plaintiffs still have a wrongful dealth claim, brought under Colorado State Law, pending against Defendant Smith.  [Colo. Rev. Stat. §] 13-21-111.5 clearly allows that Defendant Smith may then file a designation of nonparties at fault <u>as to those claims against him</u>." [*Id.* at 4 (emphasis added)].

"As part of the tort reform movement in Colorado, the [Colorado] General Assembly eliminated joint and several liability wherein one tortfeasor might be liable in damages for the acts of another tortfeasor, and adopted a several liability scheme, wherein a tortfeasor is responsible only for the portion of the damages that he or she caused." *Slack v. Farmers Ins. Exch.*, 5 P.3d 280, 284 (Colo. 2000).  Section 13-21-111.5 of the Colorado Revised Statutes governs the

---

[3] Although the Estate remains the sole remaining Plaintiff in this action pursuant to the Amended Complaint, [Doc. 82], the court will still refer to the moving party as "Plaintiffs" for purposes of this Order.

designation of nonparties at fault in Colorado state law actions, even where such actions are heard in federal court. *King v. McKillop*, 112 F. Supp. 2d 1214, 1217-18 (D. Colo. 2000). In civil actions for liability under Colorado law, a defendant may designate a nonparty "wholly or partially at fault" for the alleged negligence by giving notice under Colo. Rev. Stat. § 13-21-111.5(3)(b). This provision "ensures that a party that is found liable will not be responsible for more than its fair share of the damages." *Stone v. Satriana*, 41 P.3d 705, 708-09 (Colo. 2002).

However, "it is well-established that comparative fault does not apply in the Section 1983 context." *Bevan v. Valencia*, No. CV 15-0073 KG/SCY, 2018 WL 3187356, at *7 (D.N.M. June 28, 2018). *See, e.g.*, *Fourhorn v. City & Cnty. of Denver*, 08-cv-01693-MSK-KLM, 2008 WL 5423349, at *3 (D. Colo. Dec. 30, 2008) ("Section 13-21-111.5 is not applicable to diminish . . . parties' liability for federal law claims."); *Cordova v. City of Albuquerque*, 816 F.3d 645, 659 (10th Cir. 2016), *abrogated on other grounds by Thompson v. Clark*, 142 S. Ct. 1332 (2022) ("Comparative negligence is not applied in suits for violations of federal constitutional rights.") (quotation omitted); *Kellum v. Bernlillo Cnty.*, No. 1:14-cv-00163 RB/CG, 2015 WL 12861334, at *2 (D.N.M. June 12, 2015) ("Comparative fault is inapplicable to claims brought under 42 U.S.C. § 1983.").

In his Response, Dr. Smith does not argue that § 13-21-111.5 applies to his federal § 1983 claim. *See* [Doc. 64]. Instead, he argues only that because there was, at the time of the filing of the Response, an active state law claim, he could "file a designation of nonparties at fault as to [that claim] against him." [*Id.* at 4]. Having focused on the then-presence of a state law claim in this case and the applicability of § 13-21-111.5 to *that claim*, and not having argued that designation of non-parties at fault is available in the § 1983 context, the court construes Dr. Smith's

Response as an implicit agreement that § 13-21-111.5 is unavailable to apportion fault in the context of a § 1983 claim.

Rule 12(f) of the Federal Rules of Civil Procedure states that a court may *sua sponte* "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1). "[B]oth Colorado courts and courts of this District recognize the designation of a nonparty at fault as a pleading." *McGraw v. Cobra Trucking Inc.*, No. 20-cv-01032-NYW, 2020 WL 7230637, at *3 (D. Colo. Dec. 8, 2020) (citing cases); *see also Moore v. Banta*, No. 14-cv-00143-REB-MJW, 2015 WL 859506, at *1 (D. Colo. Jan. 29, 2015), *report and recommendation adopted*, 2015 WL 849194 (D. Colo. Feb. 25, 2015). Because comparative fault is not available for Plaintiff's federal claim—the lone remaining claim in this action—the court concludes that Defendant's Designation of Nonparties at Fault [Doc. 54] is of no operative legal effect. In other words, the Designation of Nonparties at Fault has "no possible bearing on the controversy" and is thus immaterial to the instant action. *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019). Accordingly, the court will *sua sponte* **STRIKE** the Designation of Nonparties at Fault **as moot**. *See* Fed. R. Civ. P. 1. As a result, the Motion to Strike [Doc. 59] is thus **DENIED as moot**.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1)   The Amended Complaint is **CONSTRUED**, in part, as containing a notice of voluntary dismissal under Rule 41(a)(1), and Plaintiffs Charles Hurtado, Nathan Hurtado, Ian Hurtado were dismissed from this action upon the filing of the Amended Complaint;

(2)   Plaintiff's Unopposed Motion to Dismiss With Prejudice Plaintiffs' Second Claim

(2) for Relief Against Defendant [Doc. 46] is **DENIED as moot**;

(3) Defendant Jerry Smith D.O.'s Designation of Nonparties at Fault [Doc. 54] is *sua sponte* **STRICKEN as moot**;

(3) The Motion to Strike Designation of Non-Parties at Fault [Doc. 59] is **DENIED as moot**; and

(4) Defendant shall file an answer to the Amended Complaint [Doc. 82] on or before **July 19, 2022**.

DATED: July 5, 2022

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge